# UNITED STATES DISTRICT COURT
for the
District of Colorado

In the Matter of the Search of

3605 Table Mesa Drive M256, Boulder, Colorado 80305 and certain Devices previously seized, more fully described in Attachment A, attached hereto,

)
)
)
)
)
)
)

Case No.  19-sw-5784-SKC

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that there is now concealed on the following person or property located in the __State and__ District of __Colorado__ *(identify the person or describe property to be searched and give its location)*:

**SEE "ATTACHMENT A"**, which is attached to and incorporated in this Application and Affidavit

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:

**SEE "ATTACHMENT B"**, which is attached to and incorporated in this Application and Affidavit

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

    **X** evidence of a crime;

    **X** contraband, fruits of crime, or other items illegally possessed;

    **X** property designed for use, intended for use, or used in committing a crime;

    ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of __18__ U.S.C. §§ __247 and 249__, and the application is based on these facts:

    **X** Continued on the attached affidavit, which is incorporated by reference.

    ☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*s/Justin Stern*
*Applicant's signature*

Justin Stern Special Agent
*Printed name and title*

Sworn to before me and:  ☐ signed in my presence.
                        ☒ submitted, attested to, and acknowledged by reliable electronic means

Date: 08/02/2019

*Judge's signature*

City and state: Denver, CO           Magistrate Judge S. Kato Crews
*Printed name and title*

## ATTACHMENT A

## DESCRIPTION OF LOCATIONS TO BE SEARCHED

The **Subject Premises** is located at 3605 Table Mesa Drive M256, Boulder, Colorado 80305. The Subject Premises is more particularly identified as an apartment unit located in an apartment complex known as the Boulder Creek Apartments. The Boulder Creek Apartments complex is located north of the intersection of Table Mesa Drive and Stanford Avenue in Boulder, Colorado. The Subject Premises is located in building M on the second floor, has a brown door, knocker, and electronic lock. A brown sign identifies the apartment as unit M256.

The **Devices** previously seized from the Subject Premises are identified as follows:

1. Huawei mobile broadband LTE USB stick
2. 9 CDRs
3. Verizon Kyocera blue cell phone
4. Sylvania portable DVD player
5. Apple iPhone model A15133, IMEI 358751058882263
6. Black 16GB Lexar USB thumb drive
7. Blue 16GB Lexar USB thumb drive
8. Black 32 GB Infinitive USB drive marked "CP"
9. Black 32 GB Sandisk USB thumb drive
10. Black 16 GB Sandisk USB thumb drive
11. LG 7+ cellular telephone having phone # 317-777-1511, IMEI 357568091544259

The Devices are currently in FBI custody at the FBI Denver Division's Boulder Off-site, located within the Boulder County Sheriff's Office, 5600 Flatiron Parkway, Boulder, Colorado, 80301.

**ATTACHMENT B**

**DESCRIPTION OF ITEMS TO BE SEIZED AND SEARCHED**

The following items, located within the Subject Premises or the Devices, described in Attachment A, that constitute evidence of the commission of, contraband, the fruits of crime, or instrumentalities of violations of Title 18, United States Code, Section 247, Damage to Religious Property or Obstruction of Persons in the Free Exercise of Religious Beliefs; and Title 18, United States Code, Section 249, Hate Crimes ("Subject Offenses"):

1. Images, videos, visual images and depictions relating to the Subject Offenses and/or showing intent or plans to commit acts of violence, damage religious property or forcefully obstruct free exercise of religion or evincing hatred or bias against individuals or groups of individuals due to their actual or perceived race, color, religion, or national origin;

2. Any and all records, information, notes, software, documents, records or correspondence, in any format and medium relating to the Subject Offenses and/or showing intent or plans to commit acts of violence, damage religious property or forcefully obstruct free exercise of religion or evincing hatred or bias against individuals or groups of individuals due to their actual or perceived race, color, religion, or national origin;

3. Any and all information, notes, software, documents, records, or correspondence, in any format and medium, pertaining to violations of the Subject Offenses and/or showing intent or plans to commit acts of violence, damage religious property or forcefully obstruct free exercise of religion or evincing hatred or bias against individuals or groups of individuals due to their actual or perceived race, color, religion, or national origin;

4. Any and all information, notes, documents, records, or correspondence, in any format or medium, concerning communications about the Subject Offenses and/or any intent or plan to commit acts of violence, damage religious property or forcefully obstruct free exercise of religion or evincing hatred or bias against individuals or groups of individuals due to their actual or perceived race, color, religion, or national origin;

5. Any and all information, notes, documents, records, or correspondence, in any format or medium, concerning Internet activity related to the Subject Offenses;

6. Any and all information, records, documents, invoices and materials, in any format or medium, that concern any accounts with an Internet Service Provider pertaining to violations of the Subject Offenses and/or showing intent to commit acts of violence;

7. Any and all address books, names, and lists of names and addresses of individuals who may have been contacted by use of the computer or by other means for the purpose of committing the Subject Offenses;

8. Any and all information, notes, documents, records, or correspondence, in any format or medium, concerning membership in groups, clubs, or services that advocate hatred or bias against individuals or groups of individuals due to their actual or perceived race, color, religion, or national origin;

9. Any and all cameras, film, videotapes or other photographic equipment that constitute evidence of the commission of, contraband, the fruits of crime, or instrumentalities of the Subject Offenses;

10. Any and all information, records, documents, invoices and materials, in any format or medium, that concern any accounts with an Internet Service Provider pertaining to the Subject Offenses;

11. Any and all information, records, documents, invoices and materials, in any format or medium, that concern e-mail accounts, online storage, or other remote computer storage pertaining to the Subject Offenses;

12. Any and all information, documents, records, photos, videos, or correspondence, in any format or medium, pertaining to occupancy or ownership of the premises and use or ownership of computer equipment found in the premises, or that aid in the identification of persons involved in the Subject Offenses;

13. Credit cards, credit card information, bills and payment records pertaining to violations of the Subject Offenses;

14. Descriptions of time, date, locations, items, or events showing or tending to show the commission of, or connecting or tending to connect a person to violations of the Subject Offenses;

15. Computer(s), digital storage media, or digital storage devices, any physical object upon which computer data can be recorded, computer hardware, computer software, servers, computer related documentation, computer passwords and data security devices, gaming devices, tablets, flash drives, volatile data, digital communications devices, cellular telephones, cameras, videotapes, video recording devices, video recording players, and video display monitors, digital input and output devices such as keyboards, mouse(s), scanners, printers, monitors, electronic media and network equipment, modems, routers, connection and power cords, and external or connected devices used for accessing computer storage media that was used to commit or facilitate commissions of the Subject Offenses; and

16. For any computer, computer hard drive, or other physical object upon which computer data can be recorded (hereinafter, COMPUTER) that is called for by this warrant, or that might contain items otherwise called for by this warrant, including the Devices described in Attachment A:

    a. evidence of who used, owned, or controlled the COMPUTER at the time the items described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, calendars, browsing history, user profiles, e-mail, e-mail contacts, "chat" or instant messaging logs, photographs, and correspondence;

    b. evidence of software that may allow others to control the COMPUTER, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

    c. evidence of the lack of such malicious software;

    d. evidence of the attachment to the COMPUTER of other storage devices or similar containers for electronic evidence;

    e. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the COMPUTER;

    f. evidence of how and when the COMPUTER was used or accessed to determine the chronological context of computer access, use, and events relating to crime under investigation and to the computer user;

    g. records of or information about Internet Protocol addresses used by the COMPUTER,;

    h. evidence indicating the computer user's state of mind and/or motive as it relates to the Subject Offenses;

    i. passwords, encryption keys, and other access devices that may be necessary to access the COMPUTER;

    j. documentation and manuals that may be necessary to access the COMPUTER or to conduct a forensic examination of the COMPUTER;

    k. contextual information necessary to understand the evidence described in this attachment;

    l. volatile data necessary to preserve evidence prior to powering-off and unplugging a running computer.

    m. records and information containing child erotica, including texts, images and visual depictions of child erotica;

    n. any and all information, notes, software, documents, records, or correspondence, in any format and medium, pertaining to the Subject Offenses; and

    o. items otherwise described above in paragraphs 1-14 of this Attachment B.

DEFINITIONS:

17. As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing, drawing, painting); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).

18. As used above, the terms "computers" or "digital storage media" or "digital storage devices" may be used interchangeably, and are intended to include any physical object upon which computer data can be recorded as well as all types of electronic, magnetic, optical, electrochemical, or other high speed data processing devices capable of performing logical, arithmetic, or storage functions, including desktop and laptop computers, mobile phones, tablets, server computers, game consoles, network hardware, hard disk drives, RAM, floppy disks, flash memory, CDs, DVDs, and other magnetic or optical storage media.